Plaintiff answered that at the time he commenced suit he was the owner by assignments of the claims mentioned in his statement of claim, and on motion he was given leave to file the assignments, which was done, and thereupon the court denied defendant's motion to vacate the judgment. To reverse the judgment, defendant prosecutes a writ of error.

SAMUEL G. GRODSON, for plaintiff in error.

WILLIAM H. TATGE, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

APPEAL AND ERROR, § 1573*—*when irregularity in proceeding to vacate default judgment not reversible error.* On petition to vacate a default judgment, where it appeared that plaintiff sought to recover as assignee of choses of action but had not complied with the statute in alleging that he was the actual bona fide holder thereof or how and when he acquired title, *held* that the action of the court in allowing plaintiff to file the assignments of the claims sued on and thereupon denying the motion to vacate, though irregular, was not reversible error where the validity of the assignments was not questioned and there was no claim of any defense to the demands on the merits.

---

## Herbert Miller by Fred Miller, Defendant in Error, v. Mrs. Frank G. Spreyne et al., Plaintiffs in Error.

### Gen. No. 20,108. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN R. CAVERLY, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed November 9, 1914.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Miller v. Spreyne, 189 Ill. App. 384.

## Statement of the Case.

Action by Herbert Miller, a minor, by Fred Miller, his next friend, against Mrs. Frank G. Spreyne and Frank G. Spreyne to recover for personal injuries sustained by plaintiff by the falling of a stone step in a passageway in defendants' building. Plaintiff's parents were tenants in the building and they and other tenants used the passageway in common. Plaintiff recovered a verdict for six hundred dollars and judgment was entered thereon. To reverse the judgment, defendants prosecute a writ of error.

KRUSE, PEDEN & MERRICK, for plaintiffs in error.

JONAS & HESS, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. LANDLORD AND TENANT, § 226*—*when owner of building liable for injury to child of tenant resulting from falling of stone step.* In an action against the owners of a building to recover for injuries sustained by a child of a tenant by the falling of a stone step in a passageway used in common with other tenants of the building, *held* that a verdict for plaintiff should not be disturbed, it appearing that the defendants had once or twice attempted to secure the stone in place but that no mortar or cement was used.

2. NEGLIGENCE, § 250*—*when error in admission of evidence not prejudicial.* In an action for personal injuries, error in the admission of portions of the testimony of plaintiff's attending physician *held* not reversible error, where the jury were instructed to disregard it and the amount of the verdict did not indicate the jury were improperly influenced thereby.

3. DAMAGES, § 122*—*when amount of recovery for injury to leg not excessive.* A verdict of six hundred dollars for personal injuries sustained by a minor *held* not excessive, it appearing that the accident caused a hole in his leg rendering it necessary to remove part of the bone, and that he was confined to his bed for a month and could not use his leg for seven or eight weeks.